UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| DAVID RODRIGUES, | ) | |
| Petitioner, | ) | 3:09-cv-00029-LRH-VPC |
| vs. | ) | |
| | ) | ORDER |
| STATE OF NEVADA, *et al.,* | ) | |
| Respondents. | ) | |

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding *pro se*. On September 28, 2009, petitioner filed a motion for an appeal bond. (Docket #30.)  The court entered an order denying petitioner's motion on November 6, 2009. (Docket #35.) On December 7, 2009, petitioner filed a motion for reconsideration of that order. (Docket #38.) Respondents oppose the motion.

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. The Rule permits a district court to relieve a party from a final order or judgment on grounds of:  "(1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud . . . of an adverse party, . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). The motion for reconsideration must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." Id. The Ninth Circuit has stated that "[c]lause 60(b)(6) is residual and 'must be read as being exclusive of the preceding clauses.'" *LaFarge Conseils et Etudes, S.A. v. Kaiser Cement*, 791 F.2d 1334, 1338 (9th Cir. 1986), quoting *Corex Corp. v. United States*, 638 F.2d 119 (9th Cir. 1981). Accordingly, "the

clause is reserved for 'extraordinary circumstances.'" *Id.*

Bail pending the resolution of a habeas corpus petition filed in a district court is reserved to "extraordinary cases involving special circumstances" and where there is a high probability of the petitioner's success. *United States v. Mett*, 41 F.3d 1281, 1282 (9th Cir. 1994), *quoting, Land v. Deeds*, 878 F.2d 318, 318-319 (9th Cir. 1989). A petitioner must demonstrate some circumstance that makes him exceptional and especially deserving of such special treatment in the interests of justice. *See*, *Aronson v, May*, 85 S.Ct. 3, 5 (1964) (Douglas, Circuit Justice, in chambers); *Benson v. California*, 328 F.2d 159, 162 (9th Cir. 1964). In addition to these factors, the Court must take into consideration the petitioner's risk of flight and the danger to the community should he be released. *See, Marino v. Vasquez*, 812 F.2d 499, 508-09 (9th Cir. 1987).

Petitioner argues in support of his motion for reconsideration that this court incorrectly applied the holding in *Mett*, requiring him to show both that his case is extraordinary and that there is a high probability of success. Petitioner's argument is without merit. This court applied the *Mett* requirements in the disjunctive, holding that "petitioner demonstrated neither that this is an extraordinary case involving special circumstances nor that there is a high probability of the petitioner's success." The court has reviewed petitioner's additional arguments and finds no basis for reconsideration of its prior decision.

**IT IS THEREFORE ORDERED** that petitioner's motion for reconsideration is **DENIED**. (Docket #38.)

DATED this 8th day of January, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

2