# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

DAVID RODRIGUES )
)
    Petitioner, )   3: 09-cv-0029-LRH-VPC
)
vs. )
)   **ORDER**
STATE OF NEVADA, *et al.,* )
)
    Respondents. )
_____/

      This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding *pro se.* It has become apparent to the Court that petitioner is either unable or unwilling to proceed in an orderly, predictable and meaningful manner so that this case can proceed to resolution.

      Therefore, the Federal Public Defender for the District of Nevada (FPD) shall be appointed to represent petitioner. If the FPD is unable to represent petitioner, due to a conflict of interest or other reason, then alternate counsel for petitioner shall be located, and the Court will enter a separate order appointing such alternate counsel. In either case, counsel will represent petitioner in all future federal proceedings relating to this matter (including subsequent actions) and appeals therefrom, unless allowed to withdraw.

      Petitioner and his counsel should pay very close attention to the effect of the one-year statute of limitations applicable to federal habeas corpus petitions pursuant to 28 U.S.C. §2244(d)(1) (part of the Antiterrorism and Effective Death Penalty Act (AEDPA)). In addition, petitioner and his counsel should be aware of the holdings in *Duncan v. Walker,* 533 U.S. 167 (2001)*,* and *Fail v.*

1  *Hubbard*, 315 F.3d 1059 (9th Cir. 2002).  The practical effect of *Duncan* and *Fail* is that the one-
2  year limitations period applicable to all federal habeas corpus petitions will generally not be tolled
3  during the pendency of a federal habeas corpus petition.  This means that any subsequent habeas
4  corpus petition filed in this Court -- for example, a petition filed after returning to state court to
5  exhaust any unexhausted claims -- may be untimely under the applicable statute of limitations, and
6  the time during which this habeas corpus case is pending will not toll or otherwise excuse
7  compliance with that statute.

8  **IT IS THEREFORE ORDERED** the Clerk shall **SEND** the Federal Public Defender for the
9  District of Nevada (FPD) a copy of this Order, together with a copy of the petition for writ of habeas
10 corpus (Docket #7) and any attachments thereto.

11 **IT IS FURTHER ORDERED** that the Clerk shall **SEND** a copy of this Order to the CJA
12 Coordinator.

13 **IT IS FURTHER ORDERED** that, within **thirty (30) days** from the date of entry of this
14 Order, the FPD shall undertake direct representation of petitioner or indicate to the Court its inability
15 to represent petitioner in these proceedings.

16 **IT IS FURTHER ORDERED** that counsel for petitioner **SHALL** contact petitioner as soon
17 as reasonably possible to:  (a) review the procedures applicable in cases under 28 U.S.C. §2254;  (b)
18 discuss and explore with petitioner, as fully as possible, the potential grounds for habeas corpus
19 relief in petitioner's case;  and (c) advise petitioner that all possible grounds for habeas corpus relief
20 must be raised at this time in this case, and that the failure to do so will likely result in the omitted
21 grounds being barred from future review under the rules regarding abuse of the writ.

22 **IT IS FURTHER ORDERED** that counsel for respondents **SHALL** make available to
23 counsel for petitioner (photocopying costs at the latter's expense), as soon as reasonably possible, a
24 copy of whatever portions of the state court record they possess regarding the judgment petitioner is
25 challenging herein.
26 / / /
27 / / /
28 / / /

2

**IT IS FURTHER ORDERED** that counsel for petitioner **SHALL FILE AND SERVE** a status report within **sixty (60) days** of the entry of this Order. The status report shall explain petitioner's intentions regarding his interlocutory appeal now pending before the Ninth Circuit (docket #43) and his emergency motion for circuit intervention (docket #45). The status report shall otherwise propose a schedule for responding to respondents' motion for a more definite statement (Docket #42).

DATED this 8th day of April, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE